IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALPINE TRANSPORTATION RISK RETENTION GROUP, INC. § § §<br>Plaintiff, §<br>§<br>v. §<br>§<br>GLY TRANSPORT, LLC, §<br>HECTOR VARGAS, §<br>JAMES VILLAREAL, §<br>JOSE RODRIGUEZ FRAGA §<br>AND OLGA SWEET §<br>Defendants. § | | Civil Action No. 7:23-cv-28 |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Alpine Transportation Risk Retention Group, Inc. ("Alpine") petitions the Court for declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. 2201 concerning its duties to defend and indemnify under its Commercial Automobile - Motor Carrier Coverage Form, Policy No. ALP001937 ("Policy").[1] An actual case or controversy concerning coverage under the Policy exists for claims and causes of action asserted by an employee against his employer and fellow employees, for injuries sustained while loading a car carrier during the course and scope of employment. These facts give rise to Specified Driver requirements and employee injury exclusions[2] in the Policy. As grounds for the declaratory relief requested, Alpine would show:

### I.   JURISDICTION

1.   This Court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 2202. Further, this Court has original subject

---

[1] Attached as Exhibit A.
[2] "Employee exclusions" refers to a trio of exclusions at issue in this case: 1) Workers Compensation, 2) Employee Indemnification and Employer's Liability and 3) the Fellow Employee exclusion.

matter jurisdiction under 28 U.S.C. 1332(a)(2) as the claims and controversies arise between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

2. Complete diversity of citizenship exists between Plaintiff and the Defendants. Plaintiff Alpine Transportation Risk Retention Group, Inc. is a corporation duly organized and existing under the law of the State of Hawaii, with its principal place of business being in Honolulu, Hawaii.

3. Defendant GLY Transport, LLC is a Texas limited liability company, with its principal place of business at 3003 Mieke Cir., Mission, Texas 78574. GLY can be served through its registered agent Gustavo Gaona at 3003 Mieke Cir., Mission, Texas 78574. Issuance of summons is not requested at this time. GLY Transport, LLC is represented in the underlying action by attorney Ricardo D. Villanueva, 418 E. Dove Avenue McAllen, TX 78504-2240. A copy of this Complaint and Request for Waiver of Summons under Fed. R. Civ. P. 4 is being sent to him in connection with the filing of this Complaint.

4. Defendant Hector Vargas, an individual, may be served with process at his usual place of abode, 2605 Timberwood Ave., Mission, Hidalgo County, Texas 78574, or wherever he may be found.

5. Defendant James Villareal, an individual, may be served with process at his usual place of abode, 1112 Primrose Ave., McAllen, Hidalgo County, Texas 78504, or wherever he may be found.

6. Defendant and injured employee Jose Rodriguez Fraga, is an individual residing at 3603 Grandview Dr., Mission, Hidalgo County, Texas 78574-1373. As an underlying tort claimant that potentially implicates the Policy, Mr. Fraga claims an interest in the subject matter of this

action and is a person whose joinder is necessary for complete adjudication of the issues. Issuance of summons is not requested at this time. Mr. Fraga is represented in the underlying action by attorneys Francisco J. Rodriguez, 1111 West Nolana Ave., Suite A, McAllen, Texas 78504-3747, and Melissa B. Carranza, 204 E. Cano Edinburg, Texas 78539-4510. A copy of this Complaint and Request for Waiver of Summons under Fed. R. Civ. P. 4 is being sent to both in connection with the filing of this Complaint.

7. Defendant Olga Sweet is an individual residing at 3603 Grandview Dr., Mission, Hidalgo County, Texas 78574-1373. As an underlying tort claimant that potentially implicates the Policy, Ms. Sweet claims an interest in the subject matter of this action and is a person whose joinder is necessary for complete adjudication of the issues. Issuance of summons is not requested at this time. Olga Sweet is represented in the underlying action by attorneys Francisco J. Rodriguez, 1111 West Nolana Ave., Suite A, McAllen, Texas 78504-3747, and Melissa B. Carranza, 204 E. Cano Edinburg, Texas 78539-4510. A copy of this Complaint and Request for Waiver of Summons under Fed. R. Civ. P. 4 is being sent to both in connection with the filing of this Complaint.

## II.   VENUE

8.   According to 28 U.S.C. 1391, the venue of this action may be maintained and is proper in the United States District Court for the Southern District of Texas.

## III.   FACTUAL BACKGROUND

**A.   The Accident**

9.   On February 21, 2021, during the applicable policy period, a Specified Driver under the Policy - Jose Rodriguez Fraga was loading cars onto a car carrier that was reportedly attached to a Scheduled Auto - a 2003 Freightliner, last four VIN #7278, when fellow employees Hector

Vargas and James Villareal, pushed another vehicle onto the car carrier and reportedly bumped the rear of the vehicle loaded by Fraga as he was exiting the vehicle. Mr. Fraga lost his balance and fell off the car carrier and is claiming injuries from the fall.

10. Jose Rodriguez Fraga and his wife Olga Sweet ("underlying Plaintiffs") filed an Underlying Lawsuit asserting claims against GLY, Vargas and Villareal ("underlying Defendants"). The facts, as asserted by the underlying Plaintiffs in their First Amended Petition[3] allege:

## VI. FACTS

10. On or about February 21, 2022, Plaintiff JOSE RODRIGUEZ FRAGA, Defendant HECTOR VARGAS, and Defendant JAMES VILLARREAL were tasked with loading vehicles onto a car carrier for Defendant GLY TRANSPORT, LLC. Plaintiff JOSE RODRIGUEZ FRAGA drove a vehicle on to the top level. While Plaintiff JOSE RODRIGUEZ FRAGA was exiting that vehicle, Defendant JAMES VILLARREAL drove a vehicle to push an inoperable vehicle being steered by Defendant HECTOR VARGAS. That vehicle collided into the vehicle Plaintiff JOSE RODRIGUEZ FRAGA had driven up. Since Plaintiff JOSE RODRIGUEZ FRAGA was still on the carrier, the impact of the collision caused Plaintiff JOSE RODRIGUEZ FRAGA to fall off the carrier and sustain serious injuries.

---

[3] Copy of Plaintiff's First Amended Petition in the Underlying Lawsuit attached as Exhibit B. References to the underlying pleadings does not serve to accept them as true, but only what is alleged.

11. Plaintiff OLGA SWEET is the wife of Plaintiff JOSE RODRIGUEZ FRAGA. As a result of Plaintiff JOSE RODRIGUEZ FRAGA's injuries, their marriage has been adversely affected.

12. Defendant GLY TRANSPORT, LLC, is a non-subscribing employer (emphasis added) under the Texas Worker's Compensation Act.[4]

11. Underlying Plaintiffs - Fraga and Sweet underlying Plaintiffs "seek monetary relief over $1,000,000.00"[5] and allege negligence-based causes of action against underlying Defendants Vargas and Villareal.[6] They also assert the following against GLY:

### IX. CAUSES OF ACTION AGAINST DEFENDANT GLY TRANSPORT, LLC
#### A. VICARIOUS LIABILITY- RESPONDEAT SUPERIOR

19. The acts of Defendants HECTOR VARGAS and JAMES VILLARREAL, employees of Defendant GLY TRANSPORT, LLC, were performed while in the employment of Defendant GLY TRANSPORT, LLC, and were within the scope of that employment or within the authority delegated to them (emphasis added).

#### B. NEGLIGENCE

20. Defendant GLY TRANSPORT, LLC, had duties to use ordinary care in providing Plaintiff JOSE RODRIGUEZ FRAGA with a safe working environment, supervising employee activities, and training employees (emphasis added). In the alternative, Defendant GLY TRANSPORT, LLC, had a duty to use reasonable care to protect Plaintiff JOSE RODRIGUEZ FRAGA from work-related hazards

---

[4] Exhibit B at pages 2-3.
[5] Exhibit B at page 1.
[6] Exhibit B at pages 3-4.

when it retains some control over the details of carrying out the work, as in this case, ==and a duty to use ordinary care in hiring employees== (emphasis added).

21. Defendant GLY TRANSPORT, LLC, breached its duties by:

   a. Failing to provide necessary equipment such as tow trucks or winches to move vehicles;

   b. ==Hiring Defendants HECTOR VARGAS and JAMES VILLARREAL== (emphasis added);

   c. Failing to adequately supervise Defendants HECTOR VARGAS and JAMES VILLARREAL while vehicles were being loaded; and

   d. Failing to train Defendants HECTOR VARGAS and JAMES VILLARREAL on how to properly load vehicles.

22. Defendant GLY TRANSPORT, LLC's breaches of duty proximately caused injury to Plaintiffs as described herein.[7]

B.   **The Alpine Policy**

12. Alpine issued Policy No. ALP00193 to its named insured, GLY, with effective dates of June 30, 2021 to June 30, 2022 ("the Policy"). A certified copy of which is attached hereto as Exhibit A and incorporated by reference. For the reasons that follow, GLY, Vargas and Villareal are not entitled to a defense or indemnity under the Policy. There is no coverage under the Policy for the claims asserted when extrinsic evidence is considered, as now permitted under Texas law and as stated in the recent Supreme Court of Texas decision of *Monroe Guaranty Ins. Co. v. Bitco General Ins. Corp.*, 640 S.W.3d 195 (Tex. 2022).

---

[7] Exhibit B at 4-5.

13. Addressing two certified questions from the United States Court of Appeals for the Fifth Circuit, the Supreme Court of Texas noted that it "did not abandon the eight-corners rule and it remains the initial inquiry to be used to determine whether a duty to defend exists, and it will resolve coverage determinations in most cases. But if the underlying petition states a claim that could trigger the duty to defend, and the application of the eight-corners rule, due to a gap in the plaintiff's pleading, is not determinative of whether coverage exists, Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved." *Id.* at 201-202.

14. Neither GLY, Vargas, or Villareal are entitled to a defense or indemnity under the Policy because the same uncontested facts that preclude a duty to defend also preclude any potential coverage for indemnity. When "*the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*" the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit. *Farmers Texas County Mutual Insurance Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). Accordingly, neither Fraga or Sweet will have any right to collect any judgment or settlement in their favor from Alpine.

15. The Policy provides coverage for commercial automobile motor carriers, which states as follows:

**SECTION I – COVERED AUTOS**[8] provides in relevant part:

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

---

[8] Exhibit A at 7.

16.    The Declarations page lists "67" as the symbol under "Covered Autos." The Policy then describes covered autos as follows:

**A.  Descriptions Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |

17.    The Policy includes a **SCHEDULE OF COVERED AUTOS**[9] which lists a 2003 Freightliner Tractor, with the last four of the VIN #7278, which was reportedly attached to the trailer being loaded by Fraga, Vargas and Villareal. The Schedule states:

> This Policy provides coverage only for Scheduled Autos.
> Any non-owned trailers scheduled on this Policy must be attached to a scheduled power unit for coverage to apply.

18.    However, the Policy includes a **Specified Driver Endorsement** which stipulates:

> This Endorsement changes the terms and conditions of the Policy issued. Please read it carefully! No Coverage shall be provided under this Policy for any covered Auto which is being used or operated by anyone other than the driver(s) or operator(s) scheduled on this Policy. The Insured hereby warrants that each and every person scheduled on this Policy below is over the age of 23 and under the age of 67, unless otherwise authorized by an underwriter and scheduled on the Policy.
>
> New drivers and operators will not be added to this Policy until provided the Insured provides in writing the driver's name, date of birth, and driver's license number, and state of issuance to the Insurer. Acceptance by Insurer is subject to underwriting approval and may require additional premium.[10]

19.    While not initially listed as a driver, Mr. Fraga was added to the Named Operator/Driver Listing by Endorsement #2, issued October 21, 2021. But neither Hector Vargas or James Villareal are listed on the **Specified Driver Endorsement** which also states:

---

[9] Exhibit A at 6.
[10] Exhibit A at 5.

8

Special Note: All other drivers excluded until added specifically by endorsement or when deleted by endorsement.[11]

20. Accordingly, the accident was caused by the negligence, if any, of unlisted and excluded drivers, Hector Vargas and James Villareal, and Alpine has no duty to defend or indemnify them.

21. Further, the Policy provides Liability Coverage pursuant to the following relevant terms:

**SECTION II – COVERED AUTOS**
**LIABILITY COVERAGE**[12]
**A. Coverage**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\*\*\*

22. Section II continues and describes who is an insured in relevant part as:

**1. Who Is An Insured**
The following are "insureds":
a. You for any covered "auto".
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

\*\*\*

23. The Policy defines "you" and "your" as GLY in the declarations. Based on the underlying Plaintiffs' allegations, Hector Vargas and James Villareal, both GLY employees, were loading the vehicle that bumped Mr. Fraga's and resulted in Mr. Fraga's fall and injuries. But neither Vargas or Villareal were listed on the Specified Driver Endorsement.[13]

24. Further, the Policy includes employee injury exclusions, specifically: Workers Compensation, Employee Indemnification and Employer's Liability, and Fellow Employee

---

[11] *Id.*
[12] Exhibit A at 8.
[13] Exhibit A at 5.

Exclusions,[14] which preclude coverage as follows:

### B. Exclusions

**This insurance does not apply to any of the following:**

\*\*\*

3. **Workers' Compensation**

    Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**
   "Bodily injury" to:
   a.  An "employee" of the "insured" arising out of
       and in the course of:
       (1) Employment by the "insured"; or
       (2) Performing the duties related to the conduct of the "insured's" business; or

   b.  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

   This exclusion applies:
   (1) Whether the "insured" may be liable as an
       employer or in any other capacity; and
   (2) To any obligation to share damages with or
       repay someone else who must pay
       damages because of the injury.

\*\*\*

5. **Fellow Employee**

    "Bodily injury" to:
    a. Any fellow "employee" of the "insured" arising
    out of and in the course of the fellow
    "employee's" employment or while performing

---

[14] Exhibit A at 9-10.

10

        duties related to the conduct of your business; or

        b. The spouse, child, parent, brother or sister of that fellow "employee" as a consequence of Paragraph a. above.

25.    The Policy also contains the following definitions pertinent to this dispute:

**SECTION VI – DEFINITIONS**[15]

    **A.**    "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

    **B.**    "Auto" means:
        **1.**    A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
        **2.**    Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

    However, "auto" does not include "mobile equipment".

***

    **F.**    "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

    **G.**    "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

***

    **I.**    "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

---

[15] Exhibit A at 16-18.

\*\*\*

    **Q.**    "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

26. Here, Mr. Fraga is an "employee" injured by a fellow "employee", meaning that Exclusions 4. "Employee Indemnification and Employer's Liability" and Exclusion 5. "Fellow Employee" preclude coverage for the claims asserted by the underlying Plaintiffs.[16]

27. Further, and to the extent Underlying Plaintiff's seek recovery under the MCS-90 Form F endorsement to the policy, Fraga, Vargas and Villareal are statutory employees of Alpine and deemed to have employment status under federal law. *See* FMCSR 49 CFR Parts 376, 385, 387, 390, 391 & 396. Alleged independent contractor drivers are deemed employees of the motor carrier, Alpine, while operating a commercial auto in interstate commerce while transporting cargo for the motor carrier. *See* 49 CFR Sections 387.3(a) & 390.3(a).

28. The Federal Motor Carrier Safety Regulations adopted in 49 CFR Section 390.5 eliminate any distinction between a "independent contractor" and "employees" by deeming even independent contractor drivers as "statutory employees". *Id.* at §390.5. An employee is "any individual, other than employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle "including an independent contractor while in the course of operating a commercial motor vehicle…." *Id*. These regulations "create an irrebuttable presumption of an employment relationship between a driver of a leased vehicle furnished by a contractor-lessor and

---

[16] Exclusion 3. Workers Compensation may also apply but based on the strength of the other Employee related exclusions, only 4 and 5 are discussed at this time. Alpine reserves the right to argue applicability of Exclusion 3 as needed and if warranted by facts developed.

a carrier-lessee" known as statutory employment. *See*, *Johnson v. S.O.S. Transport*, 926 F.2d 516, n. 17 (5th Cir. 1991).

29. Any interstate carrier is deemed to be the statutory employer of its drivers and the relationship is not subject to "the traditional common law doctrine of master-servant relationship and *respondeat superior*". *See*, *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 37-38 (Tex.App. – Fort Worth 2002). Thus, even if Fraga, Vargas or Villareal assert that they were independent contractors for Alpine as the motor carrier, the "Employee" and "Fellow Employee" Exclusions still apply. The Alpine Policy is specific motor carrier coverage expressly issued to encompass potential liabilities under the Federal Highway Administration and its regulations adopted in the Federal Motor Carrier Safety Regulations, in which the deemed employment is subject to the "Employee" and "Fellow Employee" Exclusions. Accordingly, Fraga, Vargas and Villareal's status as statutory employees bars any coverage for GLY, as the "Employee Indemnification and Employer's Liability" and "Fellow Employee" Exclusions will apply.

30. Lastly, the United States Court of Appeals for the Fifth Circuit addressed an insurer's duty to indemnify employee injuries under a MCS-90 endorsement. In *OOIDA Risk Retention Group v. Williams*, 579 F.3d 469 (5th Cir.2009), the Fifth Circuit considered the insurer's potential duty to indemnify under the Policy's MCS-90 Endorsement which provides in relevant part:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against *the insured* for *public liability resulting from negligence in the operation, maintenance or use of motor vehicles* subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. *Such insurance as is afforded, for public liability, does not apply to injury to or*

> *death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo.... Id. at 477.*

The court rejected arguments that the "separation of insureds" clause, which made the driver the "insured" for the purposes of the policy exclusions; similarly operated to make the driver the "insured" in the context of the MCS–90 Endorsement. *Id*. In doing so, the Fifth Circuit observed that "the MCS–90 Endorsement clearly defines the "insured" as "the motor carrier *named* in the policy of insurance, surety bond, endorsement, or notice of cancellation, and also the fiduciary of such motor carrier." [Emphasis added.] 49 C.F.R. § 387.5." Further stating that "The Federal Motor Carrier Safety Administration has issued regulatory guidance emphasizing that "Form MCS–90 ... [is] not intended, and do[es] not purport, to require a motor carrier's insurer or surety to satisfy a judgment against any party other than the carrier named in the endorsement or surety bond or its fiduciary. Federal Motor Carrier Safety Administration, *Regulatory Guidance for Forms Used To Establish Minimum Levels of Financial Responsibility of Motor Carriers,* 70 FR 58065–01 (October 5, 2005)." *Id.* at 477-478. The court concluded that the "MCS–90 Endorsement does not indemnify "employees" of the named insured acting in the course of their employment. Williams, as a statutory "employee" of Moses, *see* Part IIB *supra,* does not fall within the ambit of the MCS–90 Endorsement," and thus, the insurer had no duty to indemnify Williams. *Id. See* also *Progressive County Mutual Ins. Co. v. Carway,* 951 S.W. 2d 108 (Tex. App. – Houston [14th Dist.] 1997, pet. denied) (holding that policy issued to motor carrier need not cover driver).

31.　Accordingly, the MCS-90 and Form F do not require an insurer to indemnify a driver or fellow employee despite their potential status as an insured under the policy.

14

## IV.    REQUEST FOR DECLARATORY RELIEF

32.    In summary, Alpine Transportation Risk Retention Group, Inc. seeks a declaration from this Court that it has no duty or obligation under the Policy to continue to provide a defense to GLY Transport, LLC, Hector Vargas or James Villareal in the Underlying Lawsuit. The allegations of the Underlying Lawsuit and extrinsic non-pled coverage facts trigger one or more exclusions of the Policy and relieve Alpine of any obligation to provide any coverage for the claims asserted, precluding any duty to defend. Further, because the allegations of the Underlying Lawsuit seek damages excluded by the Policy, Alpine seeks a declaration from the Court that it has no duty or obligation under the Policy to indemnify Defendant GLY, Vargas or Villareal or pay any other party for any settlement, or for any adverse judgment arising from the Underlying Lawsuit.

33.    Consequently, Exclusion 4. "Employee Indemnification and Employer's Liability" and Exclusion 5. "Fellow Employee" preclude coverage for the claims asserted by the underlying Plaintiffs because Mr. Fraga is an employee who was injured by a fellow employee(s). For these reasons, Alpine contends and seeks a declaration that the these exclusions support denial of both defense and indemnity under the Policy.

## V.    Request for Judgment

Plaintiff Alpine Transportation Risk Retention Group, Inc. requests that the Court enter a declaratory judgment in its favor holding that it has no duty to defend or indemnify underlying Defendants, GLY, Vargas or Villareal and for all such further relief to which Alpine may show itself entitled.

Respectfully submitted:

MARTIN, DISIERE, JEFFERSON & WISDOM, LLP

By: /s/ *David D. Disiere*
     David D. Disiere

        State Bar No. 00785356
        Federal ID No. 24430
        E-mail: disiere@mdjwlaw.com

808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101