IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALPINE TRANSPORTATION RISK | § | |
| RETENTION GROUP, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-CV-00028 |
| | § | |
| GLY TRANSPORT, LLC, | § | |
| HECTOR VARGAS, | § | |
| JAMES VILLAREAL, | § | |
| JOSE RODRIGUEZ FRAGA | § | |
| AND OLGA SWEET | § | |
|     Defendants. | § | |

**PLAINTIFF'S UNOPPOSED MOTION FOR DEFAULT JUDGMENT
AS TO DEFENDANT GLY TRANSPORT LLC**

Plaintiff Alpine Transportation Risk Retention Group, Inc. ("Alpine") asks the Court to enter a default judgment against Defendant GLY Transport, LLC ("GLY") as authorized by Federal Rule of Civil Procedure 55. This request is unopposed by the answering defendants, Jose Rodriguez Fraga and Olga Sweet.

**I. INTRODUCTION AND PROCEDURAL BACKGROUND**

1.    Plaintiff is Alpine. The Defendant against whom default is requested is GLY. The final defendant, who answered the suit and has agreed not to oppose the default judgment proceedings, is Jose Rodriguez Fraga and Olga Sweet ("Fraga and Sweet").

2.    On January 27, 2023, Alpine sued the defendants named in this request, seeking declaratory judgment that Alpine does not owe a duty to defend or indemnify them under its Commercial Automobile – Motor Carrier Coverage Form, Policy No. ALP001937 ("Policy") and in connection with an underlying suit brought by Fraga and Sweet, styled Cause No. C-1718-22-D; *Jose Rodriguez Fraga and Olga Sweet v. GLY Transport, LLC, Hector Vargas, and James*

*Villarreal*; In the 206th Judicial District Court of Hidalgo County, Texas ("the Underlying Lawsuit"). Plaintiff incorporates herein by reference, as if fully copied and set forth at length, its Complaint for Declaratory Judgment (Doc. 1), including the exhibits attached thereto.

3.    Alpine perfected service on GLY by serving its registered agent, Gustavo Gaona, through the Secretary of State of State of Texas on March 24, 2023, as shown by the proof of service, Certified Mail Return Receipt, which Alpine filed with the Court on May 8, 2023 (Doc. 14).

4.    Even though GLY was required to file their answer within 21 days of being served, it has not filed a responsive pleading or otherwise defended the suit. Plaintiff is therefore entitled to entry of default against GLY.

## II. ARGUMENT

5.    The Court may enter a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit in accordance with the time specified by the Federal Rules. FED. R. CIV. P. 55(b)(2.).

6.    The Court should enter a default judgment against GLY because after being properly served, it has not filed a responsive pleading or otherwise defended the suit within 21 days after the date when service was made as recited above and shown by the Clerk's record. FED. R. CIV. P. 4(d)(3), 12(a)(1)(B).

7.    Plaintiff has demonstrated proper service on the non-answering defendant and has obtained the requisite defaults from the Clerk, which are part of the Court's record.

8.    Because GLY has not filed a responsive pleading or otherwise appeared herein to defend the suit, they are not entitled to further notice of entry of default. See FED. R. CIV. P. 55(b); *Federal Savings and Loan Insurance Corporation v. Kroenke*, 858 F.2d 1067, 1071 (5th Cir.

2

1988).  Nevertheless, Plaintiff has served this motion for default judgment on the non-answering

defendants as shown below.

9.    The non-answering defendant, who is the named insured under the under the

Commercial Automobile – Motor Carrier Coverage Form, policy issued by Alpine, has not

appeared to assert its right to defense or indemnity under the policy.  Therefore, Plaintiff is entitled

to default judgment as to this defendant on the relief sought; specifically, that it has no duty under

the policy to defend or indemnify any of the defaulting defendants.

## III. CONCLUSION

WHEREFORE,  PREMISES  CONSIDERED,  Plaintiff  Alpine  Transportation  Risk

Retention Group, Inc. respectfully requests the Court to enter default judgment in favor of Plaintiff

and against GLY Transport, LLC, as authorized by Federal Rule of Civil Procedure 55.


Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ David D. Disiere*
   **David D. Disiere**
   **Attorney-in-Charge**
   Southern District Bar No. 24430
   State Bar No. 00785356
   disiere@mdjwlaw.com
   **Heather N. Lapine**
   Federal I.D. 3846499
   State Bar No. 24109451
   lapine@mdjwlaw.com
   808 Travis Street, Suite 2000
   Houston, Texas 77002
   Telephone: (713) 632-1700
   Facsimile: (713) 222-0101

   ATTORNEYS FOR PLAINTIFF

3

## CERTIFICATE OF CONFERENCE

I hereby certify I conferred with Danielle C. Rodriguez, counsel for Defendants Fraga and Sweet, via email on August 7, 2023, regarding the contents of this motion, and she has advised defendants Fraga and Sweet are UNOPPOSED. The remaining parties have not appeared and were not consulted.

/s/ Heather N. Lapine
Heather N. Lapine

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff's Unopposed Motion for Default Judgment has been served to all attorneys of record, in compliance with the Federal Rules of Civil Procedure, on this the 15th day of August, 2023.

*Via E-Serve and/orE-mail*
**Francisco J. Rodriguez**
**Danielle C. Rodriguez**
LAW OFFICE OF FRANCISCO J. RODRIGUEZ
1111 WEST NOLANA AVE., STE. A
MCALLEN, TEXAS 78504
frankr@mcallenlawfirm.com
danielle@mcallenlawfirm.com

This document has also been served on the non-answering defendants as follows:

*Via CM/RRR: 70180040000010397240*
**GLY Transport, LLC**
c/o Registered Agent
Gustavo Gaona
3003 Mieke Cir.
Mission, Texas 78574

/s/ David D. Disiere
David D. Disiere

4